NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIDA ORTIZ, | Civil Action No.: 15-cv-672 (CCC-JBC) |
| Plaintiff, | |
| v. | OPINION |
| RICHMOND ELEVATOR CO., INC., JOHN DOES [1-5], fictitious entities whose names are not presently known and HUDSON COUNTY, | |
| Defendants. | |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court upon the objections of Defendant Richmond Elevator Co., Inc. ("Richmond") to the Report and Recommendation of Magistrate Judge James B. Clark, III on Plaintiff's motion to remand this action to state court. ECF No. 3. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Clark's Report and Recommendation (ECF. No. 11) granting Plaintiff's motion to remand.

**II.  BACKGROUND**[1]

On September 7, 2012, Plaintiff Aida Ortiz, a correctional officer, sustained injuries from

---

[1] The Court "must assume as true all factual allegations of the complaint" when considering a motion for remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

1

a malfunctioning elevator located in the Hudson County Correctional Center in Kearny, New Jersey. Compl. Count One ¶¶ 3, 7, 11, ECF No. 3-1. On August 26, 2013, Plaintiff sustained injuries when that elevator again malfunctioned. Compl. Count Two ¶¶ 7-8, 13, ECF No. 3-1.

On August 5, 2014, Plaintiff sued Richmond, Hudson County, and several other unnamed defendants, in New Jersey Superior Court, to recover damages for personal injuries, loss of income, and medical expenses. See generally Compl. Richmond is a corporation located in Staten Island, New York, which performs maintenance on the elevators at the Hudson County Correctional Center, including the elevator that malfunctioned here. See Compl. Count One. Hudson County is Plaintiff's employer. See Compl. Count Three.

Plaintiff alleged that as a result of Defendants' negligence, she sustained "severe, serious injury" including "herniations at the C5-C6 level and root compression of the C6 nerve root," Compl. Count One ¶ 13; Count Two ¶ 13.

On September 19, 2014, Richmond answered and made a demand for a Statement of Damages, pursuant to New Jersey Court Rule 4:5-2. See Richmond Answer, Page 6. Hudson County answered and cross-claimed on October 2, 2014. See Hudson County Answer. On January 6, 2015, Plaintiff served a Statement of Damages asserting damages in the amount of $500,000. See Statement of Damages.

Defendant Richmond removed the action to this Court on January 30, 2015, based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. ECF No. 1, ¶ 5. Richmond asserted that removal was timely under 28 U.S.C. § 1446(b), because the notice of removal was filed within 30 days after receipt of information from which Richmond could first ascertain that the case is removable. Plaintiff then filed a motion to remand, arguing that removal was untimely and that

the parties do not have diversity of citizenship. ECF No. 3. Plaintiff also sought counsel fees and costs in connection with the motion.

On May 12, 2015, Judge Clark issued a Report and Recommendation that Plaintiff's motion to remand be granted in part. Report and Recommendation ("R&R"), ECF No. 11. Judge Clark concluded that Richmond should have removed the action within 30 days after service with the Complaint, pursuant to 28 U.S.C. § 1446(b)(1), because Plaintiff's allegations illustrated a severe injury from which Richmond should have reasonably concluded that the amount in controversy exceeded the jurisdictional minimum. Having concluded that the action should be remanded, Judge Clark declined to address whether Hudson County, Plaintiff's employer, was properly joined or is a nominal defendant in the action. Last, Judge Clark denied Plaintiff's request for an award of counsel fees.

Richmond objected to Judge Clark's Report and Recommendation on May 26, 2015. Objections to R&R ("Obj."), ECF No. 12. Richmond argued that the Complaint's allegations of injury were insufficient to put Richmond on notice that the jurisdictional threshold had been met. Instead, Richmond argued that the 30-day time period for removal under 28 U.S.C. § 1446(b) did not begin to run until it received Plaintiff's $500,000 Statement of Damages. Richmond also argued that the Report and Recommendation is contrary to the legislative purpose of 28 U.S.C. § 1446, which discourages premature removal of suits.

### III.  LEGAL STANDARD

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a *de novo* determination of the portions of the Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

IV. **DISCUSSION**

Judge Clark correctly concluded that Richmond should have sought removal within 30 days of its receipt of the Complaint, because Plaintiff's Complaint put Richmond on notice that the claim for personal injuries was more likely than not to exceed $75,000. R&R, at 7.

A. **Motion to Remand**

The parties do not dispute that the amount in controversy actually exceeds $75,000. Rather, the parties disagree as to whether this conclusion could have been drawn from the face of the Complaint, thus triggering the 30-day period for filing a Notice of Removal. Richmond argues that Plaintiff's Complaint was insufficient to provide a good faith basis for removal because the Complaint asserted only "general allegations regarding damages, but did not specify the amount." Obj., at 9. While it is "not necessary that the amount in controversy be stated in the initial pleading in order to trigger the running of the thirty-day period for removal[,]" the time will begin to run once the defendant "can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." Carroll v. United Air Lines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

Plaintiff's Complaint did not specify the amount of damages. The Complaint did, however,

4

specify that the injuries included "herniations at the C5-C6 level and root compression of the C6 nerve root." Compl. Count One ¶ 13; Count Two ¶ 13. Where a complaint does not specify an amount of damages, the district court should perform its own "independent appraisal of the value of the claim" for purposes of assessing the amount in controversy. Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993); see also Valerio v. Mustabasic, No. CIV. A. 07-534 JLL, 2007 WL 2769636, at *3 (D.N.J. Sept. 21, 2007) (conducting independent appraisal and finding absence of evidence proffered from which to conclude that damages exceeded jurisdictional threshold.).

Here, this Court's search of case law demonstrating the sustainable amount of damages for a cervical herniation with nerve root compression reveals that the New Jersey Superior Court, Appellate Division, has sustained awards for similar injuries in the range of $250,000 to $500,000—well over the jurisdictional threshold. See, e.g., Ingrao v. Goncalves, No. L-2263-08, 2011 WL 2306853 (N.J. Super. Ct. App. Div. May 23, 2011) (affirming trial court's denial of remittitur of $250,000 award for compensatory damages to plaintiff who sustained two herniated discs, at the C5-C6 and T11-T12 levels); Almanzar-Flores v. O'Neill, No. L-4392-08, 2012 WL 412172, (N.J. Super. Ct. App. Div. Feb. 10, 2012) (denying remittitur application and affirming $500,000 jury award to plaintiff who sustained a disc herniation at the C5-C6 level and a bulging disc at C6 and C6-C7); Browne v. Sempel, Nos. L-2807-05 and L-2865-05, 2010 WL 909952 (N.J. Super. Ct. App. Div. Mar. 15, 2010) (affirming trial court's denial of remittitur of $400,000 award to plaintiff who sustained multiple disc bulges in the cervical spine and a disc herniation in the lumbar spine with radiculopathy); see also Pinto v. Morgan, Nos. L-4527-04 and L-5416-04, 2009 WL 4254439 (N.J. Super. Ct. App. Div. Nov. 2, 2009) (reversing grant of remittitur and reinstating $1.5 million award to plaintiff who sustained severe herniation of cervical disc, for which fusion surgery was recommended, three bulging discs, three vertebral compression

fractures, a broken rib, and labrum tear for which he underwent surgery). Accordingly, it appears that—should a jury find that Plaintiff's cervical herniations were proximately caused by the accident—the sustainable range for such injuries would meet the jurisdictional threshold of over $75,000.

Nonetheless, Richmond also argues that the Complaint's allegations of "herniations at the C5-C6 level and root compression of the C6 nerve root" did not provide Richmond with a good faith basis for removal, as such allegations are too general to satisfy the amount in controversy by the requisite preponderance of the evidence. For support, Richmond cites to Penn v. Wal-Mart Stores, Inc., 116 F. Supp.2d 557, 557 (D.N.J. 2000), where the Court concluded that Wal-Mart did not show, by a preponderance of evidence, that the plaintiff's complaint alleging "a tear in her knee ligaments that hold the joint together, as well as severe sprains and other injuries" exceeded the $75,000 amount in controversy requirement. There, the Court adopted the preponderance of evidence standard for cases where a plaintiff seeks unspecified damages, explaining that this standard requires "the defendant to prove that the amount in controversy more likely than not exceeds $75,000 . . . ." Id. at 567. In Penn, the Court also noted that the plaintiff did not "refer to any pain and suffering, loss of work, lost wages, or any other factor that might demonstrate a greater chance of recovery." Id. at 568.

Here, however, Plaintiff's Complaint alleged "severe, serious injury causing permanent disability, a loss of income and time from work, and [past and] future expenses for treatment of said injuries" as well as "loss of income, great pain and suffering, and emotional distress . . . ." Compl. Count One ¶ 13; Count Two ¶ 13. Although Plaintiff generally listed injuries to her "neck, left leg, lower back and coccyx," Compl. Count One ¶ 11, she also specified "herniations at the C5-C6 level and root compression of the C6 nerve root." Compl. Count One ¶ 13; Count Two

¶13. Accordingly, Plaintiff's allegations raised several factors that demonstrated a greater chance of recovery.

This Court also agrees with Judge Clark's analysis of Carroll v. United Air Lines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998) and Weiderspahn v. Wing Enters., Inc., No. 09-2441, 2009 WL 2070353 (July 10, 2009). In Carroll, the plaintiff's allegations of "injuries causing disability, impairment, loss of enjoyment of life, pain and suffering, and . . . future [pain and suffering]" were sufficient to give the defendant notice, upon receipt of the complaint, that the damages could reasonably exceed $75,000. 7 F. Supp. 2d at 521 (citing the plaintiff's complaint). Similarly, Weiderspahn's allegations of "severe personal injuries to his body" which prevented him from "attend[ing] to his normal duties and occupations," and caused him "great pain, physical disability, and mental anguish" were sufficient. Weiderspahn, No. 09-2441, 2009 WL 2070353, at *1 (citing the plaintiff's complaint). Here, Plaintiff's Complaint contained allegations more specific than those of Carroll and Weiderspahn, and these allegations should have signaled that Plaintiff's claims exceeded the jurisdictional threshold. Moreover, the fact that Plaintiff's Complaint did not allege a punitive damages claim or a spouse's loss of consortium claim, as in Weiderspahn, is not dispositive.

Contrary to Richmond's argument, Judge Clark's recommendation does not conflict with the legislative intent of 28 U.S.C. § 1446, as Richmond did not "lack[] information with which to remove within the 30 days after the commencement of the action . . . ." See H.R. Rep. No. 112-10, at 16 (2011), reprinted in 2011 U.S.C.C.A.N. 576, 580.

Finally, as this Court agrees with Judge Clark's recommendation that the action should be remanded because the notice of removal was untimely, this Court declines to address whether Hudson County is a nominal defendant in this action.

B. **Counsel Fees**

Judge Clark declined to order counsel fees in his Report and Recommendation, finding that they were unwarranted. Richmond did not appear to object to this portion of Judge Clark's Report and Recommendation. This Court adopts Judge Clark's Report and Recommendation.

V. <u>**CONCLUSION**</u>

Having thoroughly reviewed Judge Clark's Report and Recommendation and Defendant's objections thereto, and for the reasons stated above, this Court hereby adopts Judge Clark's Report and Recommendation in full and grants Plaintiff's motion to remand. An appropriate order accompanies this Opinion.

Dated: September 28, 2015

CLAIRE C. CECCHI, U.S.D.J.